**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLORIDA SOUTHEAST CONNECTION, LLC,

    Plaintiff,

v.                                          Case No. 8:16-cv-689-T-17TBM

1.858 ACRES OF LAND, MORE OR LESS, IN POLK COUNTY, FLORIDA, and JAYSHIV BHUMI, LLC,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon consideration of Plaintiff Florida Southeast Connection, LLC's (FSC) Motion for Partial Summary Judgment (Doc. # 4), which was referred to the undersigned for disposition (Doc. # 9). FSC moves for entry of a partial summary judgment on the issue of its entitlement, under the Natural Gas Act, 15 U.S.C. §717f(h), to condemn the easements described, identified, and depicted in Composite Exhibit 3 to the Complaint (the "Easements"). A hearing on FSC's Motion was held on May 11, 2016. Being otherwise fully informed, the Court grants the Motion.

**I.**     **Background**

1

On February 2, 2016, the Federal Energy Regulation Commission (FERC) issued an Order granting FSC a Certificate of Public Convenience and Necessity (FERC Certificate) that authorizes FSC to construct and operate the Florida Southeast Connection Project (the Project). (Doc. # 1-4). To construct the Project in accordance with its FERC Certificate, FSC must acquire the Easements, (Doc. # 4-1 at ¶ 13), which are located within the jurisdiction of this District Court. As part of the certification process, FSC submitted and FERC approved alignment sheets showing the final alignment of the Project. (*Id.* at ¶ 14). FSC prepared the Easements described, identified, and depicted in Composite Exhibit 3 to the Complaint to conform to the FERC-approved alignment sheets. (*Id.* at ¶ 15). Prior to filing suit, FSC was unable to acquire the Easements by contract.

FSC filed suit against the land at issue, as well as Jayshiv Bhumi, LLC. (Doc. # 1). Shortly thereafter, FSC filed the pending Motion. (Doc. # 4). Service was effected as to Jayshiv Bhumi on April 8, 2016. (Doc. # 14). As of the hearing held on the Motion, no response in opposition was filed. The Court also notes that Entry of Default was entered against Jayshiv Bhumi on May 11, 2016. (Doc. # 21).

**II.  Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions,

3

answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

### III. Analysis

Congress enacted the Natural Gas Act to impose federal regulation upon the interstate transportation and sale of

4

natural gas for resale to the public for domestic, commercial, industrial, or any other use. 15 U.S.C. § 717(a). The Natural Gas Act applies to FSC's Project, which will be an interstate natural gas pipeline. *Id.* at § 717(b).

The pertinent section of the Natural Gas Act regarding use of the federal power of eminent domain to construct such a project provides:

> [w]hen any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located . . . .

*Id.* at § 717f(h).

Courts have held, and this Court agrees, that the Natural Gas Act authorizes a party to exercise the federal power of eminent domain to acquire property necessary for an interstate natural gas pipeline project when: (1) the plaintiff is the holder of a FERC Certificate authorizing a project, (2) FERC has determined that the property is

5

necessary for the project, and (3) the plaintiff is unable to acquire the property by contract. *See, e.g.*, *Columbia Gas Trans., LLC, v. 1.01 Acres, More or Less in Penn Twp., York Cty., Pa., Located on Tax ID No. 4400028000150000000 Owned by Dwayne P. Brown & Ann M. Brown*, 768 F.3d 300, 304 (3d Cir. 2014) ("a certificate of public convenience and necessity gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement."); *Columbia Gas Trans., LLC, v. 0.85 Acres, More or Less, in Harford Cty., Md.*, No. WDQ-14-2288, 2014 WL 4471541, at *3 (D. Md. Sept. 8, 2014); *Transcontinental Gas Pipe Line Co., LLC, v. Permanent Easement Totaling 2.322 Acres, More or Less, & Temp. Easements Totaling 3.209 Acres, More or Less, Over a Parcel of Land in Brunswick Cty., Va. Approximately 83.00 Acres in Size*, No. 3:14-cv-00400-HEH, 2014 WL 4365476, at *4 (E.D. Va. Sept. 2, 2014).

FSC meets each condition precedent to the substantive right to condemn the Easements under the Natural Gas Act. FSC holds a FERC Certificate authorizing the Project. (Doc. # 1-4). FERC has determined that the Easements are necessary

6

for the Project. (*Id.*). And, FSC has been unable to acquire the Easements by contract. (Doc. # 4-1 at ¶ 19).

District courts have limited jurisdiction in Natural Gas Act condemnation cases. *Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less, in Providence Cty. of the State of R.I.*, 749 F. Supp. 427, 430 (D.R.I. 1990). That jurisdiction is to enforce the condemnation authorized by the issuance of a FERC certificate. *Id.* The condemnation case "does not provide challengers with an additional forum to attack the substance and validity of a FERC order. The district court's function under the statute is not appellate but, rather, to provide for enforcement." *Williams Nat. Gas Co. v. Okla. City*, 890 F.2d 255, 264 (10th Cir. 1989), cert. denied, 497 U.S. 1003 (1990). Furthermore,

> even if defendants were to proffer sufficient detail to raise questions about the advisability or fairness of FERC's actions related to safety and the potential impairment of others' property rights, this Court would have no authority to amend or qualify the Commission's order . . . . The District Court's sole charge and authority is to evaluate the scope of the FERC Certificate, and order the condemnation of property in accordance with that scope.

*Steckman Ridge GP, LLC, v. An Exclusive Nat. Gas Storage Easement Beneath 11.078 Acres, More or Less, in Monroe Twp. Bedford Cty., Pa.*, No. 08-168, et al., 2008 WL 4346405, at *3

7

(W.D. Pa. Sept. 19, 2008) (citations omitted). As several courts have found, "the role of the district court in [Natural Gas Act] eminent domain cases extends solely to examining the scope of the certificate and ordering the condemnation of property as authorized in that certificate." *Columbia Gas Trans. Corp. v. An Easement to Construct, Operate & Maintain a 24-Inch Pipeline*, No. 5:07CV04009, 2008 WL 2439889, at *2 (W.D. Va. June 9, 2008).

Upon due consideration, the Court finds that FSC has the substantive right to condemn the Easements through the federal power of eminent domain granted to it pursuant to the Natural Gas Act, consistent with all applicable provisions of its FERC Certificate and the related Final Environmental Impact Statement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Florida Southeast Connection, LLC's Motion for Partial Summary Judgment (Doc. # 4) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of May, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE